Call our third case of this morning, United States v. Merlino, No. 14-4341, Mr. Jacobs and Mr. Troyer. Good morning. May I please report, my name is Edwin Jacobs. I represent Joseph Merlino. I'd like to save two minutes for rebuttal, if necessary. That's fine. Let me just, I guess this has sort of been par for the course this morning, working backwards. Mr. Merlino is supposed to get out when, May 6th? Three weeks from today. Three weeks from today. And if there were to be no decision of this court prior to that time, is the matter moot or not moot, and why? I think the government would win by default, and there would be an unfortunate jurisdictional decision available for other counsel in other cases. So you're saying that you think the matter would be moot? Yes. That's why I did not respond to Mr. Zalesner's letter. The case says what he says it says. Okay. Let's assume for the moment we decide this very quickly. Is 3583I jurisdictional or not jurisdictional? It is clearly jurisdictional. Every court which has confronted that issue has said so. Chandigarh says it, Dureo says it, Venable says it, Hazel says it, Krusko says it, Moore says it. Every case says it. The real issue here is not whether it's subject matter jurisdiction. I think that's beyond debate. The real issue here is whether the judge was right or wrong at A8 in the transcript when he says, the judge frames the issue as follows, quote, whether Molino's request to delay issuance of the summons until after his term of supervised release expired tolls the time in which a formal summons may issue and this court may hear the alleged violations of a supervised release. That's the court speaking. Judges, that never happened. You can scrutinize this record in conjunction with your very able clerks. We'll get to that. Let me go back to the jurisdictional part. You've got a lot of things that support your position. Yes. You've got other cases that you've mentioned. You've got some legislative history that specifically says jurisdiction. And yet, you've got our court all over the ballpark in terms of, sometimes we say 3583 is jurisdictional, is what gives us jurisdiction. Sometimes we say it's 1832-31 that gives us jurisdiction. Sometimes we say it's both. And maybe it's time to try to figure out which it is. But why doesn't 32-31, for example, give us jurisdiction? It may give you jurisdiction. But to hear a petition for a violation of supervised release, there is a precondition to jurisdiction to hear that. It can be heard after the supervised release ends only if there is a warrant or a summons within the supervised release. That is the trigger. That is the trigger and every court has held that. If 32-31 says that the District Courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States, it would appear that if someone is claiming that an individual violates supervised release mandates, then there wouldn't be jurisdiction under 32-31. It's possible, but then you have the issue of a general and a specific statute. We were charged under a very specific statute. And if there is a general and a specific statute, I understand that it is the specific statute that governs. Now, this is not really a violation of a law. This is a violation of anything. Well, why do they make an argument that they're not really in tension? I mean, there's an argument that what it does, 3583I, is gives you a remedial authority. That's the type of power that's talked about. But the specific grant of subject matter jurisdiction, explicit, is in 32-31. Except it's more narrow. You've got to remember, there was a trial here and a conviction. There was a prosecution. All the more reason you would seem that we don't have to deal with 3583. We have jurisdiction under 32-31. None of the decisions appearing in either brief have laid jurisdiction exclusively, anywhere other than our violation of a supervised release statute. It's a specific grant of jurisdiction by Congress to the courts, but it is limited and operates only when there has been a warrant or summons within the time frame. Better remember, this is a person who has been convicted, sentenced, served his time, paid his debt to society, and so on. And he's not being prosecuted for any other crime. None of these four things alleged were crimes. One was taking his lawyer's advice not to assert the Fifth Amendment. Two others were associating with people who, unbeknownst to him, had records. And the third is the substance of offense with Ciccolini, which I may reserve a minute to address. I think, though, when you first started, you were saying that something didn't occur. And I think what you're saying is the something that didn't occur was a request to literally withhold the issuance of the summons. I said that. You're saying that's what did not occur. Just give me half a second. Let me just finish my thought. But what did occur was a request not to set a date for hearing, to give counsel of choice for Mr. Molino an opportunity to give dates of availability. The purpose of a summons is to set a date. So wasn't that tantamount to requesting a delay of setting the date so that, frankly, the Sixth Amendment right to choice of counsel could be respected? No, it was not. If you look at the record of this case, starting at A68 and running through A90, you will find my examination of the deputy clerk. Now, you've got to remember, the probation officer knew in other districts summonses were issued. He prepared the summons, reviewed it with the U.S. attorney. I'm sorry. He prepared the petition, reviewed it with the U.S. attorney. The petition specifically asked for the issuance of a summons. U.S. attorney never saw one was issued. Probation never saw one was issued. And then you get to the deputy clerk who, in these pages, says she doesn't understand that to be part of her job to issue a summons. She was directed by the court to simply call both lawyers and see what would be convenient dates for a hearing. Her contacts with counsel were only about hearing dates. The word summons never came up. Nobody told her a summons was needed. Not the probation office, not the assistant U.S. attorney. She simply didn't know it. She didn't know anything other than the petition had to be filed before September 6th. This was on nobody's radar. That's the truth about what happened here. The U.S. attorney, who was a responsible party, never thought about a summons. The probation officer, who knew what was done in other jurisdictions, never thought about a summons. The deputy clerk had no idea a summons was necessary. And I didn't know. What's the practice here? What's the practice you're familiar with? This was my first one. There's no practice I was familiar with. I had a lot of experience with it, and usually we issued a warrant. Warrant for a summons. And that is the trigger for a jurisdiction, which is clearly subject matter jurisdiction. Now think about poor defense counsel. Not me, poor defense counsel. You get a call from the deputy clerk inquiring available dates. And I told her the truth. I said, I'm going to have surgery in November. I'll be available in December. I've packed up September and October. That's not good enough for the U.S. attorney. They don't want to wait that long. Okay. Responsible parties, probation, U.S. attorney, deputy clerk could have sent out a summons with a date to be determined. But how does the date to be determined type of summons? And I saw that in your brief. How does the date to be determined summons fulfill the purpose of a summons, which is, and I'm using summons in the phrase of notice, a written notification. How does that fulfill the notice of purpose of date, time, place? So I didn't understand why that you thought that was as effective as no notice at all. If you had a summons that said to be determined. First, it would be a summons or a warrant. And those are congressional triggers for subject matter jurisdiction. I don't think it would be ineffective. There's one case where the defendant's name was left off. I don't think it's got to be perfect. I think it just has to be a summons or a warrant. But does defense counsel offer dates of his or her calendar to a deputy clerk for a federal judge at the risk of being accused of waiving or tolling an important jurisdictional right? Or is it the flip? Isn't this process of inquiry of counsel of choice one that should be embraced over the ministerial act of sending out a document that says, to be determined, we're going to have a hearing at some point? Well, the same sorts of things happen in other cases, including DeRayo. That was Judge Arenas' case where the petition was filed. Nobody thought about a summons. There were discussions among counsel about a date. The same thing happened here. And then after a couple months passed, it dawned on someone that there is this statute which has a procedural trigger, and nobody, U.S. Attorney, probation office, court, had ever issued a summons. And isn't it the whole point that the statute says, you know, you can conduct these proceedings after supervisory is otherwise expired as long as a warrant or summons are issued before expiration? Exactly. That's the jurisdictional trigger. It's not a question of notice. Everybody knows they had notice in your case prior to the expiration. And Hazel, the defense attorney, got an e-mail saying, here's the petition, by the way. It's not a matter of notice. It's a matter of doing what Congress said. You had the petition in this case as a result of ECF, right? I believe we did. I had it within days. I'm not claiming that. I'm just claiming a failure. In any event, I started with, and I will go back to the proposition posed by the judge, that defense counsel requested a delay in the issuance of the summons. Not done. Bowen v. United States says the expiration of a jurisdictional deadline prevents the court from permitting or taking action to which the statute attached the deadline. The prohibition is absolute. The parties cannot waive it, nor can a court extend that deadline for equitable reasons, which is exactly what the judge did. Pennsylvania Department of Public Welfare, a party cannot waive the lack of subject matter jurisdiction. Parties cannot create subject matter jurisdiction by stipulation, conduct, or estoppel. In the violation of probation context, United States v. Gurney, in this context, footnote four, in the former case, says the exact same thing. If I can have just one minute on two other issues. The lead-off point in the United States Attorney's brief is that the signing of the petition is the equivalent of a summons that's been rejected by every court that considered it, very forcefully in the Crisco case, calling it ridiculous. On the substantive issue in my last minute and six seconds, the court found guilt on one of four claims. Very, very briefly, two officers testified about the association, Olson and Frehley. Olson's big problem in life is I had his police report, and in it I made him admit that he never claimed there that my client had any discussion with Ciccolini. He then, in directing cross-examination, said, well, he actually did. I didn't say in my report. I wish I would have talked to him two or three times for a total of 12 minutes. The other officer with him, together, at the same time, watching the same people, saw no contact at all. That's the record. On that record, the judge found an association. If United States v. King is controlling, the judge was wrong. He was clearly wrong, and it's subject to de novo review because he misinterprets association, which King says either planned or prolonged, no evidence of either here, not chance or casual, clearly here, to fulfill the mens rea requirement. So on those bases, judges, we ask for a reversal. Thank you very much. Mr. Troyer. Yes, ma'am, please. The court, David Troyer, assistant U.S. attorney for the government. Could you start off with the jurisdictional issue? Yes. In this case, the court did have jurisdiction for the reasons that the court just mentioned just now, which is that 3231 controls, but also- Yeah, the only problem, I mean, as I said, our court, we've been all over the ballpark. Sometimes we say 3583. Sometimes we say 3231. Sometimes we say both. But the question under 3231, was his violation of supervised release, was it a crime, quote-unquote, which is what 3231 really covers? Well, it is a crime because it's part of the supervised release, and supervised release is part of the sentence for the original violation. So it is a crime, and it's probably- Wait a second. It's a crime? It's incarcerated. So was he entitled to have a finding beyond a reasonable doubt that he committed a crime? No, because- Could you charge him? Could you have had him indicted for associating with somebody? No, Your Honor. It's merely a condition of supervised release for which he can be punished. All right. I mean, so technically 3231 talks about you have subject matter jurisdiction over offenses against the laws of the United States, and the question is usually we think of that colloquially to mean a crime. And as Judge VanAskey notes, is that really something that he has an entitlement to have a jury find beyond a reasonable doubt that he actually committed an offense against the laws of the United States? No. The standard for revocation of supervised release is that he- the court has, under an abusive discretion standard, is whether he violated one of those standards of conduct. And one of those standards or conditions of supervised release was that he not associate with members or associates of the LaCosta-Nostra or convicted felons, among other conditions, of course. But the question here is, okay, so you're saying 3583I, which is in the middle of that particular provision, giving power to the court is a grant of subject matter jurisdiction or is not a grant of subject matter jurisdiction? It's- what it does is it clarifies or modifies what the statute actually does. And I think we have to look at Dolan to analyze the statute, which none of the defense cases that they cite looks to Dolan, because most of them precede Dolan with the exception of Dariah, which doesn't even address Dolan or analyze the case. That's the good part about Dolan is that it gives us- it gives this court and it gives all of us an analytical framework now to look at these cases. So what does Dolan say that helps you? Well, Dolan separates these limitations into three categories. One is, of course, jurisdictional. Another one, and I believe they cite a bankruptcy provision, not being terribly conversant in bankruptcy, I'm not familiar with it. You should. It's great. It doesn't get any better. The second is the claims processing rules, and they mention motions for new trial under that. And the third is time-related directives. Of course, only the jurisdictional one is one in which if there's not something filed in time, the court then loses the ability to hold a hearing. And time-related directives, they mentioned Montalvo-Murillo, which is the Bail Reform Act case where a hearing was not held in time and basically involves statute of limitations-type cases. This is our case. This is a time-related directive case. And Dolan even goes further, and Dolan gives five- they don't call them factors, they call them considerations, the Supreme Court calls them, in terms of what to look at, and it's whether the statute itself specifies a consequence for noncompliance. And this statute, 3583I, does not. What the primary weight or purpose of the statute is, and that I think goes to Your Honor's previous question, which is the primary weight and purpose of the statute is to ensure that courts retain jurisdiction beyond the period where a supervised release ends. And obviously there's an important public purpose involved there so that people cannot violate the supervised release on the waning days and then get away with it because a hearing isn't immediately held before termination. And then third, whether the procedural provisions reinforce the substantive purpose, which clearly they do. And then whether there's fourth, whether there's harm if the deadline is missed. In this case, there's no harm. Whether that notice of hearing gets issued on September 16th or whether it gets issued on the September 2nd or 3rd, as the deputy clerk said, it would have. What you've got are, and it's a pretty significant argument that Mr. Jacobs has, 3583I speaks about the power of the court. And there's legislative history that says this talks about jurisdiction. And there are cases, numerous cases, that say that this is jurisdictional. There is no case, Circuit Court, that I know of that says that it is not jurisdictional. Not yet. And you're asking us to do a circuit split. No. Actually, what I'm suggesting is that the cases, Jan Veer from the Second Circuit and the district court cases, are really no longer good law after the Dolan analysis, after the Dolan decision by the Supreme Court in 2010. Jan Veer, by the way, preceded Dolan by about two and a half months. There's language in a Supreme Court case called Landscraft. It's a civil case. It's from 94. But this is the language. And it says jurisdictional statutes speak to the power of the court rather than to the rights or obligations of the parties. And harking back to what Judge Amber was just talking about, is the first three or four words of this statute, 3583I, says the power of the court. How do we ignore those words from the Supreme Court and apply it to this case? I know your argument about Dolan and how Dolan has now drilled down further. But that plain language seems to cover this statute, doesn't it? Well, it does. But the power of the court in the 3583I is to be able to hold a hearing afterwards. And the only thing that defense can look at to say otherwise in this case is a time limit. And then this court has to address, well, what does that time limit mean? Is it jurisdictional? Is it merely a claim processing rule or merely a time-related directive? And in this case, under the Dolan analysis, it clearly seems to be a time-related directive, for which there would be no sanction of removal of jurisdiction from the court. So I think that's what we have to look at, and that's what's there. Furthermore, in this case, as we pointed out, we have essentially two functional equivalents of summonses here. We have the first one, which is the court's order. And I know what defense counsel and what some of the other courts have said, again, pre-Dolan, what those courts have said about that. But in this case, since summons is really not defined, and since a summons is essentially just a court-issued notice to defend against charges, that once the judge, Judge Surik, signs that order, the defendant publicly files this, and of course in this case emails it as well to counsel, then the defendant is on notice as to the charges, is told that he has to defend these charges. In fact, not only is he on general notice, but the very specific allegations are made there as well. And then, of course, the second thing that qualifies as a summons is the notice of hearing. And the practice in this court, I heard the earlier question, the practice in this district and in other districts within this circuit, apparently, is that a notice of hearing is issued. The deputy clerk did not profess not to know any obligations of issuing any process in this case. She knew that she had to issue a notice of hearing. She knew that the notice of hearing is issued. She didn't analyze it as a summons and not being an attorney, she wouldn't be expected to. And she clearly stated, and the court credited this testimony, that she would have issued this on the 2nd or 3rd of September after discussions with Mr. Jacobs. But for the fact, and even on cross-examination, held up and said, no, the only reason I waited was because defense counsel asked me to wait until the end of the next week to schedule this. Now, what the defendant wants to do now is say, please judge, I have scheduling issues, don't schedule anything until the end of next week. And then when the court grants that request, then says, aha, gotcha, you can no longer have a hearing on this matter. It's a nonsensical and really unjust result as a matter of case. And that's what Judge Surik found. And he found that this could be tolled. The government said it could be waived. The district court analyzed it as tolling. I think in either event, obviously, though. Now, you would agree, would you not, that if supervised release had expired and investigation revealed that there were violations of supervised release during the term of supervised release, you couldn't file a petition at that point in time? Oh, if the supervised release had already expired? Already expired. And two days later, you find out somebody's been associating with a convicted felon, and that's a violation of supervised release. Too bad. Unquestionably. Yes. Correct. Sure. So your position here is notification was given within the time frame by virtue of sending the petition. Efforts, affirmative acts on behalf of the court were being made before the period expired to schedule the date. And the paperwork, so to speak, was delayed at the request of counsel to give counsel a chance to identify available dates. Is that your position? Exactly. And there were two contacts in the record on September 2nd. The first was from the deputy clerk to defense counsel asking about availability of dates. And the second contact, which the court found both contacts, the second contact was from defense counsel to the deputy clerk specifically asking that the deputy clerk and the court wait until the end of the following week to schedule that. And, in fact, there was a letter then sent on September 11th, which was a government exhibit too, I believe, in the hearing, which is in the supplemental appendix from defense counsel, which acknowledged, and this is September 11th, this is five days after the end of the termination of the supervised release period, acknowledging that his schedule was still somewhat unsettled but was trying to make accommodations. Let's assume we were to conclude this was jurisdictional. Is there anything that occurred before the date of expiration that could be the functional equivalent or akin to a summons notification having been issued, other than the petition that you've identified? Well, given the statute, no, I think the petition, and more specifically the court's order, which is the addendum to that petition or the latter part of that petition, I think that counts as a summons. That doesn't have any date or time on it. It's September 2nd, yes. I'm sorry. You're right. It was dated September 2nd. Bad question on my part. It didn't have a date or time for appearance. It just ordered the issuance of process. Interestingly enough, even defense counsel says in their brief, and they say it on page 11 and then again on page 15, that a summons does not have to have a specific date or time. And so even defense counsel… But it still has to issue. It has to issue, and in this case it did issue. It was, again, twice. Once with a petition, with a court's order, and once with a notice of hearing. And the only reason that second one was delayed was at the defense request. You're saying that a summons issued on September 2nd? We are, because we say that the petition with the court's order attached to it that was publicly filed that same day on September 2nd… What does the paper say? I thought the paper on September 2nd said that a summons should issue. It does. That's correct. That indicates that a summons is different, and it hasn't issued, but it should. At some point in the future, it could be a second, it could be days, whatever. Right. We contend, nevertheless, that under the summons, as it's somewhat generally defined, that that is still tantamount or the functional equivalent of a summons. But how do you reconcile that with the fact that before 3583I, the general understanding was the filing of the petition was sufficient to enable a court to adjudicate the violation alleged? When Congress enacted 3583 and 94, it didn't put in petition. It put in these other forms of notification. So how is it that both the comment that Judge Ambrose just made about the fact that it's saying issue a summons and the fact that Congress's language is different, how can we nonetheless say the petition in this case is a summons? Well, because Congress didn't define summons, and if a summons is still a court-issued notice to defend against charges, then that's nevertheless a summons. And I think, again, it's possible, I think, that it might have been analyzed differently before Dolan. I think after Dolan, I think when the court looks at the Dolan factors. Let's backtrack again. Repeat for me why it is that you believe that Dolan changes the playing field here. Because Dolan gives specific categories for time limits and time-limited violations, one being jurisdictional, two being claim processing rules, and three being time-related directives, which this is. It's only the jurisdictional ones that, as we would say, get us in trouble if the time limit is ended. Defense claims it's jurisdictional, and there's really nothing to back that up, though, I would contend. And I think even, I know the courts mentioned legislative intent, but when we look to the legislation and the act itself and what the purposes of the act are under that scenario, all of the Dolan factors point to this being a time-related directive and not a jurisdictional rule. All right. Thank you very much. All right. Thank you, Your Honor. We'll get Mr. Jacobs back up. Let me make three very brief comments. Number one, counsel conflates discussions regarding available hearing dates, comparing calendars with the jurisdictional requirement of some process. Subpoena or warrant, neither happened. Maybe the thing is, could you give your, and I know you mentioned it, I think, previously, but your take on how we should interpret the Dolan decision as to whether it changes the rules of the game here. It does not. You certainly have to look at all the other decisions which say this statute establishes a jurisdictional requirement. Understood. But he's saying, your opposing counsel, that Dolan comes afterwards and it does change the rules. Dolan, of course, does not refer to this statute. It has nothing to do with violation of supervised releases. What it does say is that if it's a jurisdictional deadline, nothing the parties can do can change it. It can't be changed for equitable reasons. It goes on to say that there are other deadlines, in other words, non-jurisdictional deadlines, claims processing rules, they call them, that don't limit a court's jurisdiction. You can stop right there analyzing Dolan. If this is subject matter jurisdiction, which I'm raising, then it is not a claims processing rule dealing with some other economic issue or something like that. Dolan really doesn't change the landscape at all. It reinforces our position that even if counsel were correct, that my engaging in a discussion with the deputy clerk about calendaring this, about available dates, even if they were correct, that this was some part of a diabolical plan of mine, that I'm the only one who knew that there was a summons requirement. Probation didn't know it. The U.S. attorney didn't know it. And I took advantage of everybody, even if that were true, which it's not. I figured this out weeks after we set the date. Even if that were true, under Dolan, you can't use that as a reason to apply an equitable remedy antitolic. And last of three, the responsible parties here skipped a step. That's what happened. The responsible parties who knew the statute, who knew there was a jurisdictional requirement, the responsible parties include the U.S. attorney, probation, and maybe the deputy clerk, or somebody should call the deputy clerk. And even with that teaser in there on the petition that says, we want a summons issue, still nobody did it. That can't be laid at the feet of defense counsel. Thank you. Thank you very much. We'll take the matter under advisement. Well done.